UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CONSUELO LOMBERA; MARIA LOMBERA, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 11-CV-06390-LHK <br><br> ORDER REMANDING UNLAWFUL DETAINER ACTION TO SANTA CLARA COUNTY SUPERIOR COURT AND DENYING APPLICATION TO PROCEEDING IN FORMA PAUPERIS |

Consuelo Lombera and Maria Lombera ("Defendants") have filed a notice of removal of their Santa Clara County Superior Court unlawful detainer action to this Court. *See* ECF No. 1. Wells Fargo Bank, N.A. ("Defendant") has moved to remand the case to state court claiming that this Court lacks subject matter jurisdiction. ECF Nos. 4 & 10. The deadline to file a response has passed, and therefore Plaintiffs' motion is unopposed. *See* Civil L.R. 7-3(a). Pursuant to Civil Local Rule 7-1(b), the Court finds that Plaintiff's motion is suitable for decision without oral argument. Accordingly, the motion hearing set for February 23, 2012 is VACATED.

In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Defendants allege, as the basis for removal, that this court has subject matter jurisdiction pursuant

1

Case No.: 11-CV-06390-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION

to 28 U.S.C. § 1331.  *See* Notice of Removal at 1-2, ECF No. 1.  Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim "arises under" federal law, if based on the "well-pleaded complaint," the plaintiff alleges a federal claim for relief.  *Vaden v. Discovery Bank*, 129 S.Ct. 1262, 1271 (2009).

A review of the original complaint filed in state court discloses no federal statutory or constitutional question.   An unlawful detainer cause of action such as the one asserted here does not raise a federal question.  *See Litton Loan Servicing, L.P. v. Villegas*, 2011 U.S. Dist. LEXIS 8018, 2011 WL 204322, at * 2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168, 136 Cal. Rptr. 596 (1977) (remanding unlawful detainer action to state court based on lack of federal question jurisdiction); *Partners v. Gonzalez*, 2010 U.S. Dist. LEXIS 95714, at * 2-3 (N.D. Cal. Aug. 30, 2010) (same).  Moreover, it is well-settled that a case may not be removed to federal court on the basis of a federal defense.  *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).  Thus, to the extent Defendants' defenses or counterclaims to the unlawful detainer action are based on alleged violations of federal law, those allegations do not provide a basis for federal jurisdiction.

Accordingly, the unlawful detainer action is REMANDED to Santa Clara County Superior Court.[1]

**IT IS SO ORDERED.**

Dated: February 16, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] Defendant Maria Lombera proceeding pro se applies to proceed *in forma pauperis*.  ECF No. 2 "It is the duty of the District Court to examine any application for leave to proceed *in forma pauperis* and determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed *in forma pauperis*."  Because this Court lacks jurisdiction, and therefore the proceeding is non-meritorious, Plaintiffs' application is DENIED.

2
Case No.: 11-CV-06390-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION